IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **ROBERT H. HENDON**, ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **6:10-CV-2748-VEH-JEO** |
| ) | |
| **WARDEN J.C. GILES; and** ) | |
| **THE ATTORNEY GENERAL OF THE** ) | |
| **STATE OF ALABAMA,** ) | |
| ) | |
| **Respondents.** ) | |

## MEMORANDUM OPINION

This case involves a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by petitioner Robert H. Hendon, challenging his conviction for four counts of reckless murder under ALABAMA CODE § 13A-6-2(a)(2). (Doc. 1). After preliminary review, the magistrate judge assigned this case issued a report and recommendation finding that the petition was due to be dismissed with prejudice as time-barred and procedurally barred. (Doc. 9). On August 2, 2011, the petitioner filed a five-page objection to the magistrate judge's report and recommendation, objecting "to the fact that the magistrate has not rendered an interpretation/construction of § 13A-6-2(a)(2), ALA. CODE 1975 (as amended)." (Doc. 11 at 2). Petitioner further asserts that under his interpretation of § 13A-6-2(a)(2) "he would be 'actually innocent,'" and that his case opens "'the gateway'

for the court to render a strict interpretation of § 13A-6-2(a)(2)." (*Id*. at 2). Petitioner also asks this court to send his case "back to the Alabama Supreme Court with a request for a strict interpretation/construction of § 13A-6-2(a)(2)." (*Id*. at 5).

The court has considered these objections, but finds them to be without merit. As discussed in the report and recommendation, the petitioner failed to file his petition in this court within the one-year statute of limitations period prescribed by the Antiterrorism and Effective Death Penalty Act of 1966 ("AEDPA"). Although he claims "actual innocence" by alleging that the state courts have misconstrued ALABAMA CODE § 13A-6-2(a)(2), as noted in the report and recommendation, the United States Supreme Court has held that "'actual innocence' means factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, plaintiff's claims do not constitute claims of actual innocence because the claims relate to legal sufficiency of his conviction as opposed to new, reliable evidence that he is actually innocent of the crime for which he was convicted. Thus, the court finds no error in the magistrate judge's conclusion that the petition is time and procedurally barred.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the petitioner, the court is of the opinion that the magistrate judge's report is due to be adopted and approved. The court hereby adopts and approves the findings and

recommendation of the magistrate judge as the findings and conclusions of the court.  In accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed with prejudice.  An appropriate order will be entered.

    **DONE** and **ORDERED** this the 20th day of October, 2011.


                                            **VIRGINIA EMERSON HOPKINS**
                                            United States District Judge